United States District Courts
Eastern District of Texas
Texarkana, Texas Division

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MAR 16 2010
DAVID J. MALAND, CLERK
BY DEPUTY

Robert Garland
Plantiff

vs

Sean Whyte individually and/in
his capacity as attorney

5:10 CV -52

Defendant

Jones Day Law Firm
Defendant

Complaint Violation of Plantiff's First/Fourteeth Amendment of the United States Constitution:

Tort: Liability Negligence

I the Plantiff spoke to Sean Whyte and he accessed to information. He asked me to write him and I've written him and Faxed him. He promised me and came back later to say his partner said not to do it after promising me. He promised me a letter to Affidavit the acknowledged of land or having recieved a copy of order to Transfer letter.

Sean Whyte never recieved a corrected copy of Transfer letter. A statement about child support. Court Clerk was sending out false information. By Sean Whyte not coming forward with the evidence about the false information about child support. He should be held liable. Defendants, acting under color of a statue, ordinance, regulation, custom or usage, as alleged above have subjected Plantiff to a deprivation of rights privileges or ammunities guaranteed to it by the United States Constitution and Federal Law. Sean Whyte, 2727 North Harwood St, Dallas Texas 75201, recently the attorney representing Experian Credit Reporting Agency in related Cause No 77322
$750,000 from each defendant


involves reckless or callous indifference to Plaintiffs' rights, as well as being motivated by evil motive or intent, Plaintiffs are entitled to punitive damages from Defendants.

### THIRD CLAIM FOR RELIEF

VIOLATION OF 42 U.S.C. § 1983

Plaintiffs incorporate herein, as if fully set forth, all above allegations herein, and further allege the following:

42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Defendants, acting under color of a state statute, ordinance, regulation, custom or usage, as alleged above, have subjected Plaintiffs to a deprivation of rights, privileges, or immunities guaranteed to it by the United States Constitution and federal law.

As a result of Defendants' conduct, Plaintiffs have sustained compensatory damages and injuries, emotional distress, mental anguish, and harm to reputation, for which they now sue. Plaintiffs have also incurred attorneys' fees as a result of Defendants' conduct. Furthermore, because Defendants' conduct

COMPLAINT --

## JURISDICTION & VENUE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 42 U.S.C. §§ 1981 and 1983. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

This Court has personal jurisdiction over defendants, and venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b).

## NATURE OF THE CASE

This is a civil right action brought pursuant to 42 U.S.C. § 1983 to redress violations of the rights of Plaintiff, Robert Garland, and under the First and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### EXAMPLARY DAMAGES

Plaintiffs incorporate herein, as if fully set forth, all above allegations herein, and further allege the following:

Plaintiffs' injuries result from Defendants' malice or actual fraud, which entitles plaintiffs to exemplary damages under Tex. Civ. Prac. Rem. Code § 41.003(a).

### JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that this Court enter final judgment in favor of Plaintiffs and against Defendants, providing for the following relief:

All damages resulting from Defendants violation of Plaintiffs constitutional rights as alleged herein;

All compensatory damages for Plaintiffs' financial injuries, emotional distress, mental anguish, and harm to its reputation;

Punitive damages, as authorized by 42 U.S.C. §§ 1981 and 1983, in an amount reasonable and appropriate;

Pre-judgment and post-judgment interest at the maximum legal rates;

An award of reasonable attorneys' fees, as authorized by 42 U.S.C. §1988;
Costs of court; and

Any other relief, at law or in equity, to which Plaintiffs may be entitled and which this Court deems just and proper.

COMPLAINT -

RESPECTFULLY SUBMITTED,

*Robert Garland* (signature)

ROBERT GARLAND

ROBERT GARLAND
936 N. W. 9TH ST.
PARIS, TEXAS  75460

903-784-7557

PRO SE

# EXHIBIT "A"

September 17, 2009

Dear Mr. Sean Whyte,

We spoke on the telephone today about the transfer letter that contained misinformation about child support payments. I am still trying to get the Lamar County District Clerk's Office to accept their responsibility for the damage that was done by that letter.

They claim that "a notice of correction was sent to all parties". A statement from you in the form of an affidavit stating that you did not receive a "corrected transfer letter" will help me refute their claim and hopefully prove my claim.

Thank you for your help,

*Robert Garland*
Robert Garland
936 N.W. 9th Street
Paris, Texas 75460
903-784-7557